# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1642 | **DATE** | 10/9/2002 |
| **CASE TITLE** | | JMR vs. MMC | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
　　☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss Counts IV, V and VI of the complaint [doc. #3-1] is granted in part and denied in part. It is denied with respect to Count IV. It is granted with respect to Counts V and VI. Counts V and VI are hereby dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | **2** number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | **OCT 10 2002** date docketed | |
| | Notified counsel by telephone. | | | **11** |
| | Docketing to mail notices. | | CV docketing deputy initials | |
| | Mail AO 450 form. | | 10/9/2002 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| TH ✓ | courtroom deputy's initials | U.S. ... COURT  02 OCT -9 PM 3: 13  Date/time received in central Clerk's Office | TH7 mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

OCT 1 0 2002

| | | |
|---|---|---|
| JMR SALES, INC., | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 C 1642 |
| | ) | |
| v. | ) | Honorable Amy J. St. Eve |
| | ) | |
| MMC ELECTRONICS AMERICA, INC., | ) | |
| an Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff JMR Sales, Inc. ("JMR") was involved in the business of providing independent sales representation to companies in the electronics industry. Defendant MMC Electronics America, Inc. ("MMC") manufactured and supplied electronic components to electronic distributors and equipment manufacturers. JMR alleges that it was an independent sales representative for MMC, and that MMC agreed to pay JMR commissions for all sales it procured. JMR contends that MMC has failed to pay commissions to JMR as required under their agreement. JMR initiated this lawsuit alleging the following claims: breach of contract (Count I); violation of the Illinois Sales Representative Act (Count II); unjust enrichment (Count III); quantum meruit (Count IV); fraudulent concealment (Count V); and violation of the Illinois Consumer Fraud Act (Count VI).

MMC has moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts IV, V and VI of the complaint for failure to state a claim. For the reasons set forth below, defendant's motion is granted in part and denied in part. The motion is denied with respect to Count IV. The motion is

granted with respect to Counts V and VI, which are hereby dismissed without prejudice.

## LEGAL STANDARD

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Majchrowski v. Norwest Mortgage*, 6 F.Supp.2d 946, 952 (N.D. Ill. 1998). In ruling on a motion to dismiss for failure to state a claim, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992). The Court views all the facts alleged in the complaint, as well as any reasonable inferences drawn from those facts, in the light most favorable to the plaintiff. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000); *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir.1996). Dismissal is appropriate only where it appears beyond doubt that under no set of facts would plaintiff's allegations entitle him to relief. *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir.1999). Nonetheless, the complaint must sufficiently allege the elements of each cause of action in order to withstand a motion to dismiss. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992).

## ANALYSIS

### I.  Quantum Meruit (Count IV)

Count IV asserts a claim against MMC for quantum meruit, claiming that MMC was unjustly enriched by JMR's sales activities. Plaintiff alleges that if an actual contract did not exist between JMR and MCC, an implied contract existed between them and that MCC breached its implied contract. (R. 1-1, Compl. ¶¶ 33-34). Defendant argues that Plaintiff's references to "implied contract" in this count defeat Plaintiff's claim for quantum meruit.

2

The claim of quantum meruit is based on a quasi-contract theory. It compensates a plaintiff for acts of unjust enrichment where the defendant received services without compensating plaintiff for them. *Midcoast Aviation, Inc. v. General Elec. Credit Corp.*, 907 F.2d 732, 737 (7th Cir. 1990). In order to state a claim for quantum meruit, Plaintiff must allege that: (1) it performed a service to benefit the Defendant; (2) Plaintiff performed the service non-gratuitously; (3) Defendant accepted the service; and (4) "no contract existed to prescribe payment of this service." *Owen Wagener & Co. v. U.S. Bank*, 297 Ill.App.3d 1045, 1053, 697 N.E.2d 902, 908 (Ill.App.Ct. 1998). *See also Midcoast Aviation*, 907 F.3d at 737.

It is clear that a party cannot recover under quantum meruit when a contract governs the relationship between the parties. *See First Commodity Traders, Inc. v. Heinhold*, 766 F.2d 1007, 1011 (7th Cir. 1985); *see also Klekamp v. City of Burbank*, 266 Ill.App.3d 81, 86, 639 N.E.2d 241, 245 (Ill.App.Ct. 1994) ("The law will not imply a contract where an express contract exists . . . "); *Allied Wire Prod., Inc. v. Marketing Techniques, Inc.*, 99 Ill.App.3d 29, 39, 424 N.E.2d 1288, 1296 (Ill.App.Ct. 1981) (if an enforceable express oral contract exists, a party may not recover on a quantum meruit or implied contract theory).

Plaintiff's allegations of an implied contract, however, do not defeat the claim under quantum meruit. Instead, they are quite consistent with the claim. Illinois law "view[s] the theory of quantum meruit as based upon a contract implied at law." *Morris B. Chapman & Associates, Ltd., v. Kitzman*, 302 Ill.App.3d 780, 789, 706 N.E.2d 1065, 1072 (Ill.App.Ct. 1999). Indeed, "[a] contract implied at law, or quasi-contract, is not a contract at all; rather, it is a rule of law requiring the restitution of something belonging to the plaintiff in some sense that came into the defendant's hands.." *Id.* (citation omitted). Accordingly, Defendant's motion to dismiss the

quantum meruit claim is denied.

## II.    Fraudulent Concealment (Count V)

Defendant contends that Plaintiff has failed to plead the fraudulent concealment claim with particularity as required by Fed. R. Civ. P. 9(b). It is clear that claims of fraudulent concealment must be pled with sufficient particularity under Rule 9(b) to survive a motion to dismiss. *See Armstrong v. McAlpin*, 699 F.2d 79, 90 (2d Cir. 1983).

The elements of a claim for fraudulent concealment include: (1) concealment of a material fact; (2) the concealment must have been intended to induce false belief, under circumstances creating a duty to speak; (3) the innocent party could not have discovered the truth through reasonable inquiry or inspection and relied upon silence as misrepresentation that the fact did not exist; (4) the concealed information was such that injured party would have acted differently had it been aware of the information; and (5) reliance by the party from whom fact was concealed led to that party's injury. *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, No. 00 C 5658, 2001 WL 477162, *2 (N.D. Ill. May 3, 2001) (*citing Ruane v. Amore*, 287 Ill.App.3d 465, 475, 677 N.E.2d 1369, 1377 (Ill.App.Ct.1997)); *Damian Services Corp. v. White*, No. 96 C 8623, 1998 WL 596466, at *3 (N.D. Ill Sept. 3, 1998).

Count V alleges that Defendants concealed the amount of commissioned sales procured, which prevented JMR from collecting commissions on those sales. (R. 1-1, Compl. ¶¶ 38-39.) The Complaint further alleges that the Defendant had a duty to make timely disclosures of JMR's commissioned sales. (*Id.* at ¶ 38). The Plaintiff also alleges that it did not demand commissions it earned because the Defendant concealed commissioned sales information. (*Id.*) Finally, the Plaintiff claims that its reliance on the Defendant's misrepresentations led to a loss of

4

commissions in the amount of $230,883.45.

Plaintiff does not specifically allege that the Defendant's concealment of commissioned sales was intended to induce false belief, but, drawing all reasonable inferences in favor of Plaintiff, this element can reasonably be inferred from the other allegations in the Complaint.

More problematic, Plaintiff also fails to allege with any particularity the third element of fraudulent concealment -- an innocent party could not have discovered the truth through reasonable inquiry or inspection and relied upon silence as misrepresentation that the fact did not exist. The Plaintiff may be able to address this deficiency in an amended pleading. Accordingly, the Court grants Defendant's motion to dismiss Count V without prejudice.

### III. Illinois Consumer Fraud (Count VI)

In Count VI, Plaintiff alleges that Defendant's concealment of commissioned sales also violated the Illinois Consumer Fraud Act. Defendant challenges Plaintiff's ICFA claim on two grounds. First, Defendant argues that Plaintiff does not have standing to bring such a claim. Second, Defendant argues that Plaintiff has failed to plead this count with particularity as required under Rule 9(b).

The ICFA prohibits the "use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce." 815 ILCS § 505/2. Defendant essentially contends that Count VI does not implicate any consumer protection concerns, thus Plaintiff does not have standing to bring it.

It is clear that the ICFA is primarily concerned with protecting consumers, not business

5

entities. *See Web Communications Group, Inv. v. Gateway 2000, Inc.*, 889 F.Supp. 316, 323 (N.D. Ill. 1995) ("As its name indicates, the Consumer Fraud Act is primarily concerned with protecting consumers."); *Lake County Grading v. Advance Mechanical Contractors, Inc.*, 275 Ill.App.3d 452, 457, 654 N.E.2d 1109, 1114 (Ill.App.Ct. 1995) ("[D]espite the broad language of section 2, courts have recognized that it was not intended to cover all commercial transactions regardless of the relationship between the parties involved.").

A non-consumer plaintiff, however, has standing to pursue such claims where it can demonstrate a nexus between the alleged injuries and injuries to the ultimate consumer. *In re Estate of Albergo*, 275 Ill.App.3d 439, 449, 656 N.E.2d 97, 105 (Ill.App.Ct. 1995) ("Where the alleged deception involves two businesses which are not consumers, a deceptive act or practice is actionable under the Consumer Fraud Act if the alleged deception involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns."). Non-consumer plaintiffs "must meet the consumer nexus test by alleging that the conduct involves trade practices directed to the market generally or otherwise implicates consumer protection concerns." *Athey Products Corp. v. Harris Bank Roselle*, 89 F.3d 430, 437 (7th Cir. 1996); *see also Learning Curve Toys, L.P. v. Play Wood Toys, Inc.* 2000 WL 343497, at *2 (N.D. Ill. Mar. 31, 2000) (the ICFA "does not authorize a suit by a non-consumer where there is no injury to consumers.").

Here, Plaintiff JMR is not a consumer as defined by the ICFA.[1] Nonetheless, Plaintiff argues that it can make an ICFA claim because the the conduct alleged in the Complaint is not

---

[1] The Act provides that "The term 'consumer' means any person who purchases or contracts for the purchase of merchandise not for resale . . . but for his use or that of a member of his household." 815 ILCS § 505/1(e).

unique to any one sales representative and, if proven, such conduct "will certainly have ramifications for other MMC sales reps., and to the electronics sales rep. industry as a whole, including competitors of JMR." (*See* R. 5-1, Pl.'s Resp. to Mot. to Dismiss, at 7). Even reading this allegation and the rest of the Complaint itself in the light most favorable to Plaintiff, Plaintiff has failed to any nexus with consumer protection concerns or issues. At most, Plaintiff has alleged that the Defendant's alleged conduct will have ramifications for other sales representatives, competitors of JMR, etc. Because Plaintiff JMR has failed to plead a nexus with consumer interests, the Court dismisses Count VI of the complaint without prejudice.

## CONCLUSION

Defendant's motion to dismiss Counts IV, V and VI of the complaint (R. 3-1) is granted in part and denied in part. It is denied with respect to Count IV. It is granted with respect to Counts V and VI. Counts V and VI are hereby dismissed without prejudice.

Dated: October 9, 2002

ENTERED:

AMY J. ST. EVE
United States District Court Judge

7